The judgment of the court was pronounced by
Preston, J.
On the affidavit of the plaintiff, that the defendant was about to depart permanently from the State, he was arrested and gave bond and security not to depart from the State of Louisiana, as required by law. A petition was filed, and a copy with citation issued according to law, but could not be served because the defendant had left the State.
A curator ad hoe was appointed to him to defend the suit, upon whom the petition and citation was served. He excepted, that the defendant was not before the court by the service of the petition and citation, as required by law. The court overruled the exception; judgment was rendered against the defendant, and the curator ad hoc has appealed, and assigns the ground taken in the exception for error.
The fourth section of an act approved the 25th of March, 1828, provides that, in cáses where arrests are demandable upon the plaintiff filing the proper-affidavit in the court, it shall be the duty of the clerk to issue forthwith the process required without any petition being then presented ; but the usual petition shall be filed on the day succeeding that on which the said process shall have issued. And the sheriff shall immediately proceed to execute the process.
The plaintiff complied with this law, and the sheriff executed the process. The defendant was arrested and gave bond not to depart from the State, but did immediately depart. Could he defeat the remedial effect of the law by this breach of his bond? We think not. Under this law the suit was commenced, and he was made a party by his arrest. Having absented himself, it was proper, under articles 191 and 195 of the Code of Practice, to appoint a curator ad hoc to defend him in the suit, and to have the petition and citation served upon the curator. The ease does not differ substantially from that of Zacharie against Blandin, 4 L. R. 155. For the defendant in that case having absented himself before service of the petition, it was held that the service of the petition and citation on a curator ad hoc was sufficient.
It cannot be denied, that the late Supreme Court of the State decided, in the ease of Wall v. Wilson, 2 L. R. 171, and in the case of Slocomb et als. v. Bowie et als., 13 L. R. 10, that the defendant might defeat the suit by departing from the State, in violation of his bond, before the service of the petition and citation upon him. They considered the personal service of citation and petition on the defendant indispensable to further proceedings, because citation is the basis of the suit, and a judgment is void which is not preceded by its service. This reasoning is unsatisfactory. The legislative authority which established the principle invoked, has, by the act of 1828, made the arrest of the debtor the commencement of the suit and basis of the proceedings; and the articles of the Code of Practice we have.quoted, provide a reasonable mode of citation.and service of the petition if the defendant absents himself.
If it were otherwise, the legal exercise of the remedy given by the act of 1828 would be the very means of defeating its efficacy, and the defendant would be enabled to defeat the very object of the act by entering into an obligation not to do so. We cannot so construe a remedial statute, which should be effectual when the plaintiff complies with its requisitions, or countenance the evasion of a law by violating a solemn obligation not to evade it.
The judgment of the district court is affirmed, with costs.